IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Reginald Windell Porterfield, #231233, ) | |
| ) | C.A. No. 0:08-612-HMH-PJG |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Warden S. Burton; Major T. Nettles; ) | |
| and Lt. Lenneton, ) | |
| ) | |
| Defendants. ) | |

  This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 of the District of South Carolina.[1] Reginald Windell Porterfield ("Porterfield"), a pro se state prisoner, has asserted claims pursuant to 42 U.S.C. § 1983 against the Defendants. The Defendants filed a motion for summary judgment. Magistrate Judge Gossett recommends granting the Defendants' motion. Porterfield filed objections to the magistrate judge's recommendation. After review, the court adopts the magistrate judge's recommendation and grants the Defendants' motion for summary judgment.

---

[1] The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

## II. Factual and Procedural Background

Porterfield alleges that on January 5, 2006, while he was incarcerated at Lieber Correctional Institution ("LCI"), he was attacked in his cell by another inmate, Huey Williams ("Williams"). (Compl. at 5.) Porterfield alleges that Williams cut his throat with a glass shard. Porterfield received six stitches. (Id.)

Porterfield alleges that the Defendants failed to protect him and violated his constitutional rights by placing him in a cell with Williams in the Special Management Unit ("SMU"). Specifically, Porterfield contends that Lt. Lenneton, as supervisor of the SMU, should not have placed Porterfield in a cell with Williams because Porterfield was in protective custody and Williams was classified as a "security detention level inmate." (Id. at 5-6.) According to Porterfield, Warden S. Burton and Major T. Nettles requested that officers photograph his injuries and clothing. (Id. at 5.)

On June 14, 2008, the Defendants filed a motion for summary judgment. On June 16, 2008, Porterfield was notified, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of the consequences of failure to respond to the motion. Porterfield responded to the Defendants' motion for summary judgment on July 18, 2008. On December 16, 2008, the magistrate judge recommended granting the Defendants' motion for summary judgment.

### III. Discussion of the law

#### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule

2

56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

### B. Objections

Objections to the report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the report of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Porterfield filed objections to the Report and Recommendation. After review, the court finds that many of Porterfield' objections are non-specific, conclusory, and merely restate his claims. However, the court was able to glean two specific objections.

First, Porterfield argues that genuine issues of material fact exist with respect to his Eighth Amendment failure to protect claim[2] because it is undisputed that (1) Porterfield was in protective custody; (2) he was placed in a cell with Williams who had a different security classification; and (3) Williams cut his throat with a glass shard. (Objections 3-4.) Further, Porterfield alleges that the "guards knew" that placing him in a cell with Williams "was likely to expose him to serious harm." (Objections 11.) Porterfield's objection is without merit.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. In order to prove an Eighth Amendment violation for deliberate indifference to an inmate's security needs, a plaintiff must meet two requirements. "First, the deprivation alleged must be, objectively, sufficiently serious." Id. (internal quotations omitted). To demonstrate such an extreme deprivation, "a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." De'lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotations and citations omitted).

Second, a prison official must have a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834. "In prison-conditions cases that state of mind is one of 'deliberate indifference' to

---

[2]Porterfield also alleges that his Fourteenth Amendment due process and equal protection rights have been violated because the Defendants failed to protect him. The court interprets Porterfield's claims liberally as an Eighth Amendment deliberate indifference claim. Porterfield fails to allege any cognizable due process or equal protection claims.

inmate health or safety." Id.  A prison official is deliberately indifferent if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id at 837.  "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Id. at 838.

Porterfield has presented evidence of significant physical injury.  However, there is no evidence that the Defendants were subjectively aware of any risk of harm to Porterfield.  The Defendants submitted several affidavits attesting that they had no reason to believe that Williams posed a threat to Porterfield.  (Defs.' Mem. Supp. Summ. J. Exs. 2-5 (Affidavits).) Further, Investigator Greg Antley ("Antley"), who investigated the incident, concluded in his report that "Williams had suddenly 'flipped out.'" (Id. Ex. 3 (Antley Aff. ¶ 4).)  The Defendants did not have any subjective knowledge that Williams would attack Porterfield. Further, by itself, the fact that an inmate is classified as potentially dangerous is insufficient to establish a deliberate indifference claim.  Fuller v. County of Charleston, 444 F. Supp. 2d 494, 498 (D.S.C. 2006).  Because there is no genuine issue of material fact as to this "failure to protect" claim, the court grants defendants' motion for summary judgment on this claim.

Second, Porterfield alleges that the Defendants have failed to produce his entire prison record.  (Objections 4-6.)  As a result, Porterfield submits that the court should deny the Defendants' summary judgment motion or continue the case pursuant to Rule 56(f) because he does not have the necessary information with which to respond to the Defendants' motion.  (Id. 4.)  Porterfield has filed numerous discovery motions.  On

August 12, 2008, Magistrate Judge George C. Kosko granted in part and denied in part Porterfield's motion requesting a copy of his prison record. Porterfield claims that the magistrate judge granted his request in its entirety. However, this is incorrect. In fact, on September 3, 2008, Porterfield filed a motion for "the court to order the defendants to again turn over the entire file." (Pl.'s Mot. Copy File, generally.) The Defendants responded that Magistrate Judge Kosko only ordered the Defendants to produce records pertaining to Porterfield's classification history. (Defs.' Mem. Opp'n Pl.'s Mot. Copy 1.) The Defendants submitted an affidavit indicating that these documents had been produced. Magistrate Judge Joseph R. McCrorey dismissed Porterfield's motion as moot referencing the August 12, 2008, order of Magistrate Judge Kosko. As indicated by Magistrate Judge Kosko on August 12, 2008, Porterfield is not entitled to his entire file. Further, he has presented no evidence that production of his entire prison file would in any way support his claims. Based on the foregoing, the Defendants have not prevented Porterfield from supporting his claims with affidavits. Hence, this objection is without merit.

Therefore, it is

**ORDERED** that the Defendants' motion for summary judgment, docket number 23, is granted.

**IT IS SO ORDERED**.

                                                      s/Henry M. Herlong, Jr.
                                                      United States District Judge

Greenville, South Carolina
January 8, 2009

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.